Filed 5/29/15  P. v. Williams CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JARRETT WILLIAMS,<br><br>    Defendant and Appellant. | B256579<br><br>(Los Angeles County<br>Super. Ct. No. BA419344) |

APPEAL from a judgment of the Superior court of Los Angeles County.  Robert C. Vanderet, Judge.  Affirmed.

Mary Jo Strnad, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On January 26, 2012, Jarrett Williams entered a Macy's department store in Los Angeles, where a loss prevention officer read a "trespass notice" to him, informing him he was not welcome in Macy's because he had stolen merchandise from the store in the past. On December 11, 2013, Williams entered the store again, put $281 worth of merchandise into a cardboard box he had brought, and left without paying. He was arrested and charged with theft (Pen. Code, § 666, subd. (a)), and it was alleged he had suffered three prior felony convictions for which he had served a prison term (Pen. Code, § 667.5, subd. (b)), as well as two prior strike convictions (Pen. Code, §§ 667.5, subd. (c), 1192.7).

Williams was convicted by a jury and was found to have suffered seven prior convictions. He was sentenced to the midterm of two years, doubled for the prior strike convictions, plus an additional one year for each of three prior prison terms, for a total of seven years. He filed a timely notice of appeal on May 28, 2014.

On November 17, 2014, Williams petitioned the superior court to recall his sentence pursuant to the Safe Neighborhoods and Schools Act, passed by voter initiative on November 4, 2014 (Proposition 47). On December 23, 2014, the trial court granted the petition, reduced Williams' offense to a misdemeanor and his sentence to one year, awarded him credit for time served, and released him.

We appointed counsel to represent Williams on appeal. After examining the record, appointed counsel filed an opening brief certifying she was unable to identify any issue for appellate review and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On February 26, 2015, we sent letters to Williams and appointed counsel, directing counsel immediately to forward the appellate record to Williams and advising Williams that within 30 days he could personally submit any contentions or issues that he wished us to consider. Counsel submitted a declaration confirming that Williams was advised of his right to submit by letter or brief any ground for appeal. We received no response from him.

We have examined the entire record on appeal and are satisfied that appellant's counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40

Cal.4th 106, 109-110 and *People v. Wende*, *supra*, 25 Cal.3d at page 441. No arguable appellate issue exists.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.